UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTIAN MANUEL LAMINIA
GUACHAMBALA,

Petitioner,

- against -

TODD M. LYONS, *et al.*,

Respondents.

---

No. 26 Civ. 1830 (JMF)

**STIPULATION AND**
~~**[PROPOSED]**~~ **ORDER**

WHEREAS, on March 5, 2026, petitioner Christian Manuel Laminia Guachambala ("Petitioner") brought this habeas action under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE") and principally seeking an order from this Court requiring that he be released;

WHEREAS, on March 11, 2026, the parties, through counsel, entered into an agreement under which Petitioner agreed to dismiss the habeas petition without prejudice in exchange for the government's agreement to provide Petitioner with a bond hearing at which ICE would bear the burden of establishing danger or flight risk by a preponderance of the evidence, among other things; an executed stipulation and proposed order of dismissal was filed with the Court on March 11 2026;

WHEREAS, on March 12, 2026, the Court "so ordered" that Stipulation and Order (ECF No. 10), and the action was closed;

WHEREAS, on March 16, 2026, Petitioner received a bond hearing in accordance with the Stipulation and Order, at which bond was denied;

**26 Civ. 1830 (JMF)**

WHEREAS, on April 10, 2026, Petitioner, through new counsel, filed a motion to alter or amend the judgment under Rule 59(e), or, in the alternative, for relief under Rule 60(b), to vacate the Stipulation and Order, reopen the case, and grant leave for Petitioner to file an amended habeas petition;

WHEREAS, the government opposed that motion on April 20, 2026, and Petitioner filed a reply on April 21, 2026,

WHEREAS, in reply to that motion, Petitioner raised an issue concerning whether his former counsel had authorization to enter into an agreement (the Stipulation and Order) with the government to dismiss the habeas petition in exchange for a bond hearing;

WHEREAS, Petitioner, who is now detained at a facility within the Eastern District of New York, wanted to proceed with his April 10 Rule 59(e)/Rule60(b) motion in this Court rather than pursue a new habeas petition in the Eastern District of New York;

WHEREAS, this Court has scheduled an evidentiary hearing for May 21, 2026, to aid in fact finding regarding Petitioner's allegation that his former counsel did not have authorization to enter into an agreement to dismiss this case; and

WHEREAS, the parties wish to resolve the instant dispute without further litigation and in the interests of preserving party and judicial resources and expediting the resolution of this matter; therefore

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through counsel, that:

1.  Petitioner withdraws his April 10 Rule 59(e)/Rule 60(b) motion without prejudice.

2.  The government agrees that Petitioner may file a new habeas petition in his district of confinement without prejudice, and that Petitioner may raise any issue that he wishes, including but not limited to, his core habeas claim asserting that he was detained in

violation of his Fourth and Fifth Amendment due process rights and the federal

detention statutes, and the government will not challenge the petition on the grounds

of res judicata, collateral estoppel, or abuse of the writ.

Maspeth, New York
May 11, 2026

MUSA-OBREGON LAW PC
*Attorney for Petitioner*

*/s/ S. Michael Musa-Obregon*
S. Michael Musa-Obregon, Esq.
55-21 69th Street, 2nd Floor
Maspeth, New York 11378
Tel.    (718) 803-1000

New York, New York
May 11, 2026

JAY CLAYTON
Acting United States Attorney for the
Southern District of New York
*Attorney for Respondents*

Brandon M. Waterman, Esq.
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.    (212) 637-2743

SO ORDERED:

HON. JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE
May 11, 2026

Any pending motions are moot.  All conferences are vacated.  The Clerk of Court is directed to close the case.

– page 3 of 3 –                                    **26 Civ. 1830 (JMF)**