

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

May 13, 2026

Honorable Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Laminia Guachambala v. Genalo, et al.*, No. 26-cv-2851 (GRB)

Dear Judge Brown:

This Office represents Respondents in the above captioned habeas petition filed by Petitioner Christian Manual Laminia Guachambala ("Petitioner"). Docket Entry ("DE") #1. This letter is respectfully submitted pursuant to Your Honor's Order to Show Cause dated May 13, 2026 (DE #5). Respondents note that Petitioner is a native and citizen of Spain without current legal status to remain in the United States.

Further, Respondents provide the following information as required by Your Honor's order to provide the Court with information of a "particularized reason to believe that Petitioner presents a danger to the community, a flight risk" or any information that Petitioner should be detained due to his involvement with "illegal narcotics, violence, criminal history, firearms [or] gang affiliation, and the like". *See* DE # 5.

Immigration and Customs Enforcement has advised the undersigned that Petitioner was arrested on November 18, 2023 for suspicion of driving under the influence of alcohol in violation of NY VTL § 1192(2), and refusal to take a breath test in violation of NY VTL § 1194. *See* Ex. A. On October 24, 2024, Petitioner pled guilty to driving while impaired by consumption of alcohol in violation of NY VTL § 1192, and was conditionally discharged, ordered to pay a $300 fine and his license was suspended for 90 days. *See* Ex. A; *see also* Ex. B at p. 9. On March 16, 2026, Petitioner had a bond hearing before an Immigration Judge. A transcript from that hearing is attached hereto as Ex. B. At the conclusion of the hearing, the Immigration Judge, while also considering facts related to Petitioner's sealed and dismissed prior alcohol related driving charge, deemed Petitioner a "danger to the community" and denied bond. *See* Ex. B at 16-19. The Court also noted concerns related to Petitioner's risk of flight in light of ambiguity about Petitioner's employment status and alleged request for asylum. *See* Ex. B at 19-22. The Immigration Judge also did not believe that any alternative conditions of release "would sufficiently ensure that [Petitioner would] return both for his hearings and if the case came to an ultimate removal order" that Petitioner would comply with such. *See* Ex. B at 22. Petitioner has not appealed this decision to the Board of Immigration Appeals (on information and belief, the deadline to appeal was April 15, 2026).

Based upon Petitioner's criminal history, and the Immigration Judge's finding that Petitioner is a "danger to the community" and the questions the Immigration Judge raised about Petitioner's potential risk of flight, Respondents respectfully submit that Petitioner should not be released on his own recognizance, as provided in the Court's standing order. *See Irvinder Preet Singh v. Maldonado, et al.*, No. 26-cv-2548 (GRB) (declining to hold a bond hearing in light of findings by the Immigration Judge at the bond hearing, including, *inter alia*, that the petitioner posed a danger to the community in light of a prior alcohol related driving conviction); *see also* 8 U.S.C. § 1226(e)("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.").

Respondents thank the Court for its consideration of this submission.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    */s/ Robert W. Schumacher*
       Robert W. Schumacher
       Assistant U.S. Attorney
       (631) 715-7871

cc: S. Michael Musa-Obregon, Esq.

2