# MUSA-OBREGON LAW PC

## ATTORNEYS AND COUNSELORS AT LAW

140 Grand Street, Suite 307
White Plains, New York 10601

S. MICHAEL MUSA-OBREGON

PETER KAPITONOV*
MARIANNY REYES
KARL J. ASHANTI
SAMI EL CHERIF
ALEIX CUADRADO
NOEL AKINSOLA
MUHAMMAD SALMAN IQBAL

MELISSA BARBOSA KOBERNITSKI
    Of Counsel

*Admitted NY, NJ

TEL (718)803-1000
FAX (866)788-8061

MANHATTAN OFFICE
757 THIRD AVENUE, 20TH FL
NEW YORK, NY 10017

**REPLY TO WHITE PLAINS OFFICE**

_BY ECF_

May 14, 2026

The Honorable Gary Brown, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: _Laminia Guachambala v. Blanche, et al._, No. 26-cv-XXXXXX (GRB) _Petitioner's Reply To Respondents Order-To-Show-Cause Letter and In Further Support Of Emergency Release_

We write in reply to Respondents' May 13, 2026 letter and in further support of Petitioner Christian Manuel Laminia Guachambala's emergency request for release while this habeas petition is adjudicated.

Respondents' letter does not provide the "particularized reason" contemplated by the Court's Order to Show Cause. It relies almost entirely on the Immigration Judge's bond decision, a sealed and dismissed case, and one non-criminal New York traffic infraction.

That is not enough to justify continued civil detention, especially where there is no allegation of violence, narcotics, firearms, gang affiliation, domestic violence, weapons possession, threats, or any failure to appear. This is a civil immigration detention case, not a criminal detention case. The Constitution requires the Government to justify detention with evidence and to consider whether less restrictive conditions can reasonably address any legitimate concern.

The Government cites 8 U.S.C. § 1226(e), but that provision does not bar this Court from exercising habeas jurisdiction over Petitioner's constitutional and legal challenge to his detention. The Supreme Court has made clear that § 1226(e) does not preclude habeas review where the petitioner challenges the legal authority and constitutional validity of detention, rather than merely asking a federal court to second-guess a discretionary bond amount. _Demore v. Kim, 538_ U.S. 510, 516–17 (2003); _Jennings v. Rodriguez,_ 583 U.S. 281, 295–96 (2018). This petition invokes the Court's habeas jurisdiction under 28 U.S.C. § 2241 and the Court's equitable authority, including authority under the All Writs Act, 28 U.S.C. § 1651. The Second Circuit has also recognized that federal courts have inherent authority to admit immigration habeas petitioners to bail where the circumstances warrant it. _Mapp v. Reno_, 241 F.3d 221, 226–27 (2d Cir. 2001).

1

Nor does Petitioner's Visa Waiver Program entry eliminate the Court's power to address unconstitutional detention. The Visa Waiver statute preserves the right to contest removal on the basis of an asylum application. 8 U.S.C. § 1187(b)(2). The regulations likewise provide for asylum-only jurisdiction before the Immigration Court for a Visa Waiver entrant who remained longer than authorized. 8 C.F.R. § 208.2(c)(1)(iv).

Petitioner therefore is not asking this Court to create an immigration remedy outside the statute. He asks only that he not remain jailed while his habeas petition and protection claims are litigated, where release conditions can address the Government's stated concerns.

The bond-hearing transcript underscores the problem. The Immigration Judge recognized that DHS bore the burden by clear and convincing evidence to show danger or flight risk and that the Court had to consider alternative conditions of release. *Yet the Government did not meaningfully address alternatives.* When asked about alternatives, DHS simply adhered to its request that no bond be set. *The resulting decision then rejected all alternatives in broad terms, without analyzing the specific conditions that could eliminate any driving-related concern.* That was legal error and, at minimum, leaves this Court free to impose conditions tailored to the actual risk alleged.

The only alleged danger here is alcohol-related driving. There is no allegation that Petitioner has hurt anyone, threatened anyone, possessed a weapon, committed an offense of violence, used narcotics, sold narcotics, or belonged to a gang. The November 2023 matter resulted in a plea to driving while ability impaired by alcohol under New York Vehicle and Traffic Law § 1192(1), which New York classifies as a traffic infraction for a first offense under Vehicle and Traffic Law § 1193(1)(a). It is not a misdemeanor or felony. The sentence was a conditional discharge, a $300 fine, and a 90-day license suspension. The earlier matter was dismissed and sealed. Those facts do not minimize the seriousness of impaired driving, but they matter greatly in deciding whether civil incarceration is necessary.

Petitioner accepts that the Court may have concerns about the two alcohol-related contacts. He is not asking the Court to ignore them. *He is asking the Court to address them in the way courts address risk every day: through strict, enforceable conditions.* The danger the Government identifies is not generalized violence or criminality. It is the possibility that Petitioner may drive. That concern can be directly addressed by an absolute prohibition on driving, surrender of any passport and driver's license, a prohibition on applying for or possessing any driver's license, home detention or curfew if the Court deems appropriate, alcohol treatment, alcohol testing, and any other condition the Court believes necessary. Continued detention is not the least restrictive means of addressing a driving concern.

The criminal court's handling of these cases is also relevant. The state court did not hold Petitioner without bail. It permitted him to remain in the community. He appeared, complied, and the November 2023 case resulted in a non-criminal disposition with program obligations and a license suspension. The dismissed and sealed matter also did not result in any criminal conviction. That history shows that supervised release is workable. It does not show that Petitioner is so dangerous that no condition can protect the public.

The flight-risk finding is equally unsupported. The transcript reflects that Petitioner has a child in the United States, lives with the mother of his child, has lived at the same address for several years, and has employment evidence. The Immigration Judge acknowledged some of these positive factors but discounted them largely because there was no lease and because the construction employment was dependent on work availability. Those are common facts for working-class immigrants and construction workers; they are not clear and convincing evidence that a person will flee. Petitioner has every reason to appear. His family is here. His work is here. His habeas petition is here. His ability to pursue protection is here. His release would allow him to assist counsel, gather records, and litigate his claims.

2

The asylum-related reasoning also should not control the release decision. Petitioner's possible one-year asylum issue is a merits issue for the immigration proceedings, not a detention shortcut. Congress expressly preserved the right of a Visa Waiver entrant to seek asylum, and the regulations authorize asylum-only proceedings. In addition, the asylum statute recognizes exceptions to the one-year deadline for changed circumstances or extraordinary circumstances. 8 U.S.C. § 1158(a)(2)(D). The Immigration Judge's speculation about country conditions in Spain and the ultimate strength of an unfiled application does not establish by clear and convincing evidence that Petitioner will flee, particularly where his detention itself has impeded his ability to gather documents and prepare the application.

This Court also has before it a broader habeas issue that the immigration court could not meaningfully resolve: the legality of Petitioner's arrest and detention. The petition alleges that ICE officers detained and arrested Petitioner after a selective, racially targeted field operation. At this early stage, the Government has not provided a full factual record justifying the stop, seizure, interrogation, and arrest. That unresolved constitutional issue weighs strongly against allowing the Government to use detention itself as leverage while the parties brief the legality of the arrest. At a minimum, where the petition raises serious constitutional issues and the Government's asserted danger can be addressed through conditions, release is appropriate pending adjudication.

**Petitioner respectfully proposes the following conditions, or any stricter conditions the Court deems appropriate: a $10,000 cash posting with the Court; a $10,000 personal recognizance bond signed by a financially responsible suretor; surrender of any passport; surrender of any driver's license; an absolute prohibition on driving any vehicle anywhere; a prohibition on applying for or possessing any driver's license; home detention, or curfew if the Court requires it; alcohol treatment and testing; reporting to Pretrial Services or any other supervising agency selected by the Court; attendance at all immigration and federal court proceedings; and immediate notice to counsel and the Court of any change of address.**

These conditions are more than sufficient to address the only concrete concerns raised by Respondents. They are also more precise than continued incarceration. Detention prevents Petitioner from working, supporting his family, and assisting counsel. Release under strict conditions would protect the public, ensure his appearance, and preserve the Court's ability to adjudicate the serious habeas issues presented.
For these reasons, Petitioner respectfully requests that the Court reject Respondents' request for continued detention and order Petitioner released forthwith under the conditions set by the Court. In the alternative, Petitioner respectfully requests an immediate hearing before this Court so that the Court may consider a complete release package and impose any conditions it believes necessary.

Most respectfully submitted,

*/s/ S. Michael Musa-Obregón*

S. Michael Musa-Obregón
Counsel for Petitioner